Dear Mr. Guice:
I am in receipt of your request for an Attorney General's opinion regarding the employment of an individual to manage and develop several acres of sixteenth section property controlled by the Catahoula Parish School Board. You have indicated that the School Board wishes to develop the property to collect revenues from hunting leases and to take advantage of federal agricultural funding programs. You also indicated that the Board is contemplating the employment of an individual to manage and develop these properties on a contingency or percentage basis in order to maximize collections of monies on these lands. Specifically, you have requested an opinion on the legality of the Catahoula Parish School Board employing a manager of Sixteenth Section property on a percentage or contingency fee basis.
LSA-R.S. 41:716(A) authorizes a school board of a parish in which sixteenth section lands are located to lease the land according to applicable law. Section B of the statute requires that the lease shall be made only after proper notice has been given which is specified in the statute. The lease shall be given to the highest bidder unless the parish school board determines that the bids do not reach a just and fair value. LSA-R.S. 41:1212 deals with the lease of public lands in general. The lease f sixteenth section lands falls within the purview of the statute to the fact that the statute refers to the lease of sixteenth section lands by specific parish school boards. Section A indicates that any lessor through its governing authority may lease for hunting or agriculture purposes amongst other reasons as specified in the statute lands of which the lessor has title, custody, or possession. Lessor may at its option lease the land "on a share basis" in accordance with such items and conditions as the governing authority deems to be the best interest of the Lessor. Other sections of the statute lists various school boards and specific provisions pertaining to the lease of sixteenth section lands by those school boards and some exemptions from the requirement of advertising and recovering bids for those leases.
Although there are no statutory provision(s) that regulate the hiring of an employer to develop and manage sixteenth section lands for a school board, LSA-R.S. 41:724 allows for an attorney to receive ten percent of all monies collected by him on these notes. After deducting the ten percent the attorney shall turn over the money to the treasurer who shall transmit the remaining money through the State Auditor to the State Treasurer. This provision infers that there is no prohibition from paying an employee on a percentage basis when dealing with the sale or lease of sixteenth section lands. Since parish school boards have the option of leasing sixteenth section lands for agricultural and hunting purpose and since there is no prohibition from hiring an employee to manage and develop these leases, it is within the discretion of the Catahoula Parish School Board as to whether to hire an employee to perform this function. Additionally, a reading of LSA-R.S. 41:724 which allows an attorney to receive ten percent of all moneys collected on notes given for the purchase of sixteenth section lands makes evident that there is no requirement that the money collected from the purchase or lease of these lands be deposited directly in the State Treasurer. Therefore, if the Catahoula Parish School Board chooses to hire an employee on a percentage basis to manage and develop the lease of such land, it is within the discretion of the school board.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ Beth Conrad Langston Assistant Attorney General
RPI/BCL/shc/opini39